# 23-239

# United States Court of Appeals

## FOR THE SECOND CIRCUIT

◆

ADAM BRUZZESE,

*Plaintiff-Appellant,*

—v.—

STEVEN DETTELBACH, DIRECTOR OF THE BUREAU OF
ALCOHOL, TOBACCO, FIREARMS AND EXPLOSIVES,

*Defendant-Appellee.*

On Appeal from the United States District Court
for the Eastern District of New York

## BRIEF FOR THE DEFENDANT-APPELLEE

BREON PEACE
*United States Attorney*
*Eastern District of New York*
271-A Cadman Plaza East
Brooklyn, New York 11201
(718) 254-6015

VARUNI NELSON
DAVID A. COOPER
*Assistant United States Attorneys,*
   *Of Counsel.*

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................. ii

PRELIMINARY STATEMENT ........................................................1

ISSUE PRESENTED FOR REVIEW ..............................................4

STATEMENT OF THE CASE............................................................4

    A.    Bruzzese's Employment and Duties as a Special Agent......................4

    B.    Summary of Events Leading to Bruzzese's Reassignment...................5

    C.    The Fitness-for-Duty Evaluation............................................6

    D.    Bruzzese's Reassignment to a Technical Surveillance
        Specialist Position ......................................................8

    E.    Administrative Proceedings Prior to Bruzzese's Filing of
        His District Court Action ......................................................9

    F.    District Court Proceedings Preceding Bruzzese's First
        Appeal to this Court ......................................................10

    G.    Bruzzese's First Appeal to This Court................................................11

    H.    District Court Proceedings Between This Court's 2018
        Mandate and Bruzzese's Second Appeal to This Court.....................12

    I.    Bruzzese's Second Appeal to This Court...........................................13

    J.    The Action Underlying This (Bruzzese's Third) Appeal...................14

SUMMARY OF THE ARGUMENT ....................................................16

ARGUMENT ..................................................................................16

    THE DISMISSAL OF THIS ACTION SHOULD BE AFFIRMED ...........16

    A.    The Doctrines of Res Judicata and Collateral Estoppel......................17

    B.    The District Court Properly Held That Bruzzese Is
        Barred From Relitigating the 2009 Reassignment.............................17

CONCLUSION ................................................................................20

# TABLE OF AUTHORITIES

## Cases

*Anderson v. Bowen*, 881 F.2d 1 (2d Cir. 1989) ........................................15

*Benzman v. Whitman*, 523 F.3d 119 (2d Cir. 2008) ................................15

*Brodsky v. New York City Campaign Finance Board,* No. 22-1824,
2023 WL 312125 (2d Cir. May 1, 2023) ..................................................19

*Bruzzese v. Garland*, No. 13-cv-5733, 2021 WL 1964547
(E.D.N.Y. May 17, 2021) .........................................................................1

*Bruzzese v. Garland*, No. 21-1448, 2022 WL 1669191
(2d Cir. May 26, 2022) ............................................................... 1, 4, 6, 14

*Bruzzese v. Lynch*, 191 F. Supp. 3d 237
(E.D.N.Y. 2016) ........................................................................ 1, 2, 3, 11

*Bruzzese v. Sessions*, 725 F. App'x 68 (2d Cir. 2018) ...............................1

*Cho v. Blackberry Limited*, 991 F.3d 155 (2d Cir. 2021) ................................ 17, 19

*Exxon Mobil Corp. v. Healey*, 28 F.4th 383 (2d Cir. 2022) ....................................18

*Grieve v. Tamarin*, 269 F.3d 149 (2d Cir. 2001) .............................................. 17, 19

*Heckler v. Ringer*, 466 U.S. 602 (1984) ..................................................15

*Jolly v. Excelsior College*, No. 21-2930, 2023 WL 545086
(2d Cir. Jan. 27, 2023) ..............................................................................18

*Overview Books, LLC v. United States*, 438 F. App'x 31 (2d Cir. 2011) ..............16

*Phoenix Light SF Ltd. v. Bank of New York Mellon*,
66 F.4th 35 (2d Cir. 2023) ................................................................. 16, 17

*Simmons v. Trans Express Inc.*, 16 F.4th 357 (2d Cir. 2021) ..................... 16, 17, 19

*Soules v. Connecticut, Dept. of Emergency Servs. &
Pub. Prot.*, 882 F.3d 52 (2d Cir. 2018) ...................................................17

*Waldman v. Village of Kiryas Joel*, 207 F.3d 105 (2d Cir. 2000) ...........................17

## Statutes

28 U.S.C. § 1361 ............................................................................... 15, 16

29 U.S.C. § 791 ....................................................................................2

## Rule

Fed. R. Civ. P. 60(b) .........................................................................13

## PRELIMINARY STATEMENT

This brief is filed by defendant-appellee Steven Dettelbach, Director of the Bureau of Alcohol, Tobacco, Firearms and Explosives ("Defendant" or "ATF"). Plaintiff-appellant Adam Bruzzese ("Bruzzese"), appearing *pro se,* appeals from a memorandum and order of United States District Judge Ann M. Donnelly, Eastern District of New York, dated February 15, 2023 ("2023 decision"), dismissing the action underlying this appeal as barred by the doctrines of res judicata and collateral estoppel. See Supplemental Appendix for the Defendant-Appellee ("SA") 2 (##6, 7), 37-41. As set forth below, the district court correctly determined, in the 2023 decision, that Bruzzese challenges in this action the same 2009 reassignment to a non-law enforcement position in the ATF that he unsuccessfully challenged in his previous appeals to this Court. *See Bruzzese v. Sessions*, No. 16-2775, 725 F. App'x 68, 72 (2d Cir. 2018) ("*Bruzzese 1*"), affirming *Bruzzese v. Lynch*, No. 13-cv-5733, 191 F. Supp. 3d 237 (E.D.N.Y. 2016) (Weinstein, J.); and *Bruzzese v. Garland*, No. 21-1448, 2022 WL 1669191 (2d Cir. May 26, 2022) ("*Bruzzese 2*"), affirming *Bruzzese v. Garland*, No. 13-cv-5733, 2021 WL 1964547 (E.D.N.Y. May 17, 2021) (Johnson, J.), which denied Bruzzese's motion for relief from the judgment already upheld in *Bruzzese 1*.[1]

---

[1] Bruzzese was represented by counsel in his first appeal to this Court, *see* General Docket for No. 16-2775 (2d Cir.) ("16-2775 Dkt."). In this brief, *Bruzzese 1* A refers to the Appendix filed by Bruzzese's counsel in his first appeal

Although the action underlying this appeal was filed in the district court in 2022 and Bruzzese's initial action was filed in 2013, both actions and both prior appeals challenge the ATF's 2009 reassignment of Bruzzese to a non-law-enforcement position. The first action, in which Bruzzese was represented by counsel through the denial of his first appeal in 2018, *see* Statement of the Case, A-G, *infra*, was brought pursuant to the Rehabilitation Act of 1973, 29 U.S.C. § 791 *et seq.* In the complaint filed in the first action, Bruzzese primarily alleged that he was unlawfully discriminated against on the basis of a perceived mental disability when Ronald Turk ("Turk"), the Special Agent in Charge ("SAC") of the ATF's New York Field Division, reassigned Bruzzese from his Special Agent ("SA") position to a non-law enforcement position.

In its 2016 decision, the district court held that Turk reassigned Bruzzese to a non-law enforcement position not because of any discriminatory animus, but because he had concerns about Bruzzese's ability to function safely as an armed Special Agent. *See Bruzzese*, 191 F. Supp. 3d at 248. Turk's decision was based on

---

(16-2775 Dkt., ##31-41); *Bruzzese 1* Pl. Br., *Bruzzese 1* Pl. Reply Br., and *Bruzzese 1* Petition Br. refer, respectively, to the principal brief, reply brief, and petition for rehearing filed by Bruzzese's counsel in that appeal (16-2775 Dkt., ##44, 69, 87); and *Bruzzese 1* Def. Br. refers to the brief filed by the defendant in that appeal (16-2775 Dkt., #62). References in this brief to *Bruzzese 2* Def. Br. and *Bruzzese 2* DA are, respectively, to the brief and the appendix filed by the defendant in Bruzzese's second appeal to this Court. *See* General Docket for No. 21-1448 (2d Cir.) ("21-1448 Dkt."), ##41, 42.

the totality of the circumstances, including several instances of inappropriate conduct by Bruzzese in the workplace and the results of a fitness-for-duty evaluation. *See id.* at 240-242. Accordingly, the district court granted summary judgment to the ATF on the grounds that Bruzzese had not established a prima facie case of disability discrimination and that, even if he had done so, the ATF had legitimate, non-discriminatory, non-pretextual reasons for reassigning him. *Id.* at 248-249 ("[A]ll of the evidence indicates that the decision to reassign was made because of plaintiff's personality characteristics, which do not rise to the level of a clinical disorder, but were sufficient to cause serious concern amongst plaintiff's supervisors."); *id.* at 249 ("[P]laintiff was reasonably believed to have personality traits which rendered him unsuitable for a law enforcement gun-carrying position."). The grant of summary judgment to the ATF on Bruzzese's Rehabilitation Act claim was the subject of Bruzzese's first appeal to this Court, which affirmed the 2016 decision. *See* 725 F. App'x at 72.

In his second appeal to this Court, Bruzzese asserted that he was seeking relief from the judgment already upheld by this Court based on his recent realization that his due process rights were violated when he was reassigned. *See, e.g.,* Brief of Appellant Adam Bruzzese (21-1448 Dkt., #29 ("*Bruzzese 2* Pl. Br.")) 37. However, as the district court recognized in 2021 in denying Bruzzese's motion and this Court recognized in 2022 in affirming that decision, Bruzzese "provide[d] no basis upon

which to conclude that he was unable to pursue his due process claim until after his Rehabilitation Act claim was dismissed." 2022 WL 1669191, at *2 n.1. Nor has Bruzzese, in this (his third) appeal to this Court, provided any basis for revisiting the 2009 reassignment or disturbing the district court's most recent (2023) decision. Rather, this Court should affirm the district court's decision that he is precluded from relitigating his 2009 reassignment.

## ISSUE PRESENTED FOR REVIEW

Did the district court properly dismiss Bruzzese's action on the ground that he is precluded from relitigating claims arising from his 2009 reassignment?

## STATEMENT OF THE CASE[2]

### A. Bruzzese's Employment and Duties as a Special Agent

Bruzzese joined the ATF on May 7, 2000, as a GS-1811 Special Agent in South Carolina. *Bruzzese 1* A16-17 ¶ 9, 238-239. In October 2002, Bruzzese transferred to the ATF's New York Field Division office, where he was assigned to Group IV. *Bruzzese 1* A17 ¶ 9, 239, 242, 256-57.

The Special Agents in Group IV focused primarily on firearms trafficking cases. *Bruzzese 1* A243, 439. Bruzzese's duties as a Special Agent included

---

[2] Sections A-F of the Statement of the Case are summarized from the Statement of the Case in the brief filed by the defendant in *Bruzzese 1*. *See* 16-2775 Dkt., #62.

investigating federal firearms violations. *Bruzzese 1* A243. Carrying a firearm is an essential function of a Special Agent's job. *Bruzzese 1* A225-226, 780.

During the relevant time period, Bruzzese's first-level supervisor until late 2008 was Eric Immesberger ("Immesberger"). *Bruzzese 1* A17 ¶ 10, 240, 444. Bruzzese's second-level supervisor was Assistant SAC Delano Reid ("Reid"). *Bruzzese 1* A17 ¶ 11, 241-242, 522. Starting in January 2009, Bruzzese's third-level supervisor was Turk. *Bruzzese 1* A17 ¶ 12, 242-243, 655-657.

## B. Summary of Events Leading to Bruzzese's Reassignment

Beginning in September 2008, several incidents involving Bruzzese led Immesberger to be concerned about his conduct. After Immesberger informed Reid of his concerns, Reid instructed Immesberger to conduct an investigation into Bruzzese's conduct and to memorialize his findings in a memorandum. *Bruzzese 1* A431, 487-488, 581-582.

After Reid, then-Acting SAC of the New York Field Division, reviewed Immesberger's memorandum, he and Immesberger met with Bruzzese. *Bruzzese 1* A330, 332-333, 550-551, 896. Reid told Bruzzese that they were concerned about his safety and the safety of others. *Bruzzese 1* A334-335, 552-555, 570-573, 575-579, 582, 584-586, 589, 771-774, 892-894, 896-897, 899, 901. Accordingly, Reid asked Bruzzese to surrender his firearm (*Bruzzese 1* A183, 331, 334-337, 339, 589, 590, 774, 896-897, 899-900), and he informed Bruzzese that he was temporarily

reassigning Bruzzese to the ATF's Tactical Operations Office and that Bruzzese would no longer participate in law enforcement operations in the field.  *Bruzzese 1* A183, 331, 334-337, 339, 552-553, 591-593, 634-635, 774.

After Reid temporarily reassigned Bruzzese, Bruzzese underwent a fitness-for-duty ("FFD") evaluation that included medical and psychological examinations and evaluations.  The components and findings of the FFD evaluation are discussed in Part C, *infra*.

Upon considering the concerns expressed by Bruzzese's supervisors and the findings of the FFD evaluation, Turk, then-SAC of the New York Field Division, decided to reassign Bruzzese permanently to a non-law enforcement position, effective June 7, 2009.  *Bruzzese 1* A91-92, 165, 359-362; *see Bruzzese 2* DA63.[3]

## C.    The Fitness-for-Duty Evaluation

Reid offered Bruzzese the opportunity to undergo an FFD evaluation that would assess whether Bruzzese was able to perform the duties of a Special Agent in a law enforcement capacity.  *Bruzzese 1* A348-51, 587-588, 594-596, 677, 895, 898,

---

[3]    The memorandum advising Bruzzese of his reassignment also is included in the Appendix of Appellant Adam Bruzzese (ECF 24) filed by Bruzzese in this appeal, *see* Appx. Pg. 27-Appx. Pg. 28; the memorandum expressly advised Bruzzese of his "right to grieve" the reassignment but Bruzzese did not do so.  *See Bruzzese v. Garland*, 2022 WL 1669191, at *2 n.1 ("Bruzzese argues that he could not have known before this Court's decision in his prior appeal that he would be unable to succeed on his Rehabilitation Act claim, but this does not constitute newly discovered evidence that would support his due process claim or relieve him of the duty to present the claim earlier in the proceedings to avoid piecemeal litigation.").

900, 904-905.  The FFD evaluation was conducted between December 2008 and March 2009.  *Bruzzese 1* A75-84, 352, 789-798, 1806-13, 1845-1923, 1928-2112, 2123-32.  The FFD evaluation included: a medical examination by Robert Boesch, M.D.; a psychological evaluation by Marc Janoson, Ph.D., and a report by Dr. Janoson in consultation with Neil S. Hibler, Ph.D.; a psychiatric evaluation by Samoon Ahmad, M.D.; and an opinion rendered by Haviva Goldhagen, M.D., M.P.H.  Specifically, Dr. Goldhagen, employed by the Department of Health and Human Services, Law Enforcement Medical Programs, Federal Occupational Health, served as the reviewing physician of the examinations conducted during the FFD and the above-referenced assessments and findings.  A75-84.  Her report, issued on April 22, 2009, was based "on the independent medical and psychiatric evaluations, the documents provided by ATF, and [her] knowledge of the essential functions of the job."  *Bruzzese 1* A75.  Her opinion was that, although Bruzzese "does not have a medical condition that would adversely impact his ability to perform the full functions of his job safely and effectively," he "does have personality characteristics that appear to increase the safety risks for himself and others in the performance of the job."  *Id.*  Therefore, she "question[ed] his suitability for the job of ATF Special Agent."  *Id.*

7

**D.**     **Bruzzese's Reassignment to a Technical Surveillance
Specialist Position**

In June 2009, after receiving the results of the FFD evaluation and considering

the concerns raised by Reid and Immesberger, Turk, then-SAC of the New York

Field Division, decided to reassign Bruzzese permanently to a non-law enforcement

position. *Bruzzese 1* A362-364, 600, 636-637, 640, 646, 667-670, 673, 680-681,

683-684, 687-704, 713-714. Turk relied on the FFD evaluation results in making

his decision. *Bruzzese 1* A676-77, 680-681, 684, 701-03, 713-14. Turk permanently

reassigned Bruzzese from a law enforcement position because the FFD evaluators

questioned Bruzzese's suitability to carry a firearm. *Bruzzese 1* A222-223, 362,

643-645, 680-681, 701-704, 708-709, 711-713.

Turk decided to reassign Bruzzese to a non-law enforcement position to allow

Bruzzese to remain employed with the ATF. *Bruzzese 1* A360, 674-676. Turk

explored reassigning Bruzzese to several non-law enforcement positions that would

allow Bruzzese to remain in New York without any loss in pay. *Bruzzese 1* A360-

362, 642, 674-676. After finding a suitable position for Bruzzese, on or about

June 6, 2009, Turk met with Bruzzese. *Bruzzese 1* A213, 359-362, 365, 642,

671-672.

Turk notified Bruzzese that he was being permanently reassigned to a

GS-1801 Technical Surveillance Specialist ("TSS") position in the New York Field

Division, effective June 7, 2009. *Bruzzese 1* A165, 359-360, 362, 366, 638-639,

805-806. After that reassignment, Bruzzese was no longer considered a GS-1811 Special Agent. *Bruzzese 1* A359, 366, 805-806. As a TSS, Bruzzese received the same pay and remained in the same GS-13 pay grade and continued to receive step increases in his pay. *Bruzzese 1* A166, 361, 367, 379-380, 641-642, 675-676. Bruzzese continued to receive the same 25 percent pay adjustment above his base salary that he previously received as a Special Agent, *i.e.*, administratively uncontrollable overtime instead of law enforcement availability pay. *Bruzzese 1* A229-230, 361, 367, 641-642, 675-676. Turk allowed Bruzzese to continue driving a government-issued vehicle. *Bruzzese 1* A231, 361, 641, 642. Bruzzese's work hours remained the same. *Bruzzese 1* A368.

The memorandum informing Bruzzese of his reassignment stated that he had the right to grieve the reassignment as well as to initiate a discrimination complaint. *Bruzzese 1* A806; *Bruzzese 2* DA64; *see also* n.3 *supra*. Bruzzese did not file a grievance. *Bruzzese 1* A373, 822. He did initiate a discrimination complaint. *See* Part E *infra*.

**E.      Administrative Proceedings Prior to Bruzzese's
         Filing of His District Court Action**

Bruzzese first contacted an Equal Employment Opportunity ("EEO") counselor on June 9, 2009. *Bruzzese 1* A36, 372, 808. On or about July 29, 2009, Bruzzese received authorization to file an administrative complaint. *Bruzzese 1* A36. In August 2009, Bruzzese filed a formal EEO complaint, alleging

9

discrimination due to a perceived mental disability. *Bruzzese 1* A15 ¶ 4, 36, 372-373, 829-831, 833-834.

On May 19, 2011, an Equal Employment Opportunity Commission ("EEOC") Administrative Judge ("AJ") issued a decision without a hearing, finding that Bruzzese had failed to show that ATF had discriminated against him on any basis. *Bruzzese 1* A15 ¶ 5, 38-52. On June 22, 2011, the Department of Justice adopted the EEOC AJ's findings and decision and issued a Final Order. *Bruzzese 1* A54-56. Bruzzese appealed the Final Order to the EEOC's Office of Federal Operations. *Bruzzese 1* A15 ¶ 5. On July 19, 2013, the EEOC's Office of Federal Operations issued a decision affirming the Final Order, and provided Bruzzese with a notice of his right to file a civil complaint in federal district court. *Bruzzese 1* A16 ¶ 6, 58-63.

**F.  District Court Proceedings Preceding Bruzzese's First Appeal to this Court**

In the district court complaint filed by Bruzzese in 2013, he alleged disability discrimination based on his permanent reassignment in June 2009. *Bruzzese 1* A14-34. The named defendant (*i.e.*, the Attorney General of the United States ("AG")) moved for summary judgment and Bruzzese opposed the motion. *See Bruzzese 1* A9-12 (##49, 55-59, 68-75). The district court heard oral argument in June 2016. *Bruzzese 1* A3040-79.

In its decision granting the defendant's motion, the district court held that Bruzzese could not establish a prima facie case of disability discrimination because,

*inter alia*, he could not show that he was "regarded as disabled" within the meaning of the Rehabilitation Act. *Bruzzese*, 191 F. Supp. 3d at 247. The court recognized that "the job of a special agent requires vital exercise of great discretion – a mistake under stressful circumstances may mean sudden death." *Id*. at 246. Bruzzese's personality traits, however, "indicate that a supervisor could find it probable that [Bruzzese] lacks the personality to react responsibly to sudden psychological stress or emotional trauma." *Id*. at 247.

The district court further held that, even if Bruzzese could establish a prima facie case of disability discrimination, Defendant had proffered legitimate, non-discriminatory reasons for the reassignment, and Bruzzese had failed to show that such reasons were merely pretextual. *Id*. at 248-249. Accordingly, it granted Defendant's motion for summary judgment.

## G.   Bruzzese's First Appeal to This Court

Bruzzese, represented by counsel, appealed the district court's grant of summary judgment. *See* 16-2775 Dkt. Following briefing and oral argument, this Court issued its decision affirming the district court's judgment. *See Bruzzese*, 725 F. App'x at 72. Bruzzese, still represented by counsel, filed a petition for rehearing and rehearing *en banc*, which was denied on June 26, 2018**.** This Court issued its mandate on July 3, 2018. *See Bruzzese 2* DA17 (#86), 20.[4]

---

[4]        *See* n.1 *supra*.

**H.** **District Court Proceedings Between This Court's 2018 Mandate and Bruzzese's Second Appeal to This Court**

In an order dated January 8, 2019, issued under the docket number of Bruzzese's first action, the district court stated that it had received, among other things, a motion dated December 11, 2018, from Michael Buesgens seeking "leave to file a motion to reopen, alter, or amend the judgment in this case [No. 13-cv-5733 (E.D.N.Y.)] based on new evidence." *Bruzzese 2* DA26. The district court also stated that Bruzzese had submitted a letter stating, *inter alia*, that Buesgens's filings were made without his consent, and that he did not seek to re-open the case. *Bruzzese 2* DA26. The district court denied Buesgens's motions and ordered that the case remain closed. *Bruzzese 2* DA26.

Thereafter, beginning with a letter filed on March 10, 2020, under the docket number of his first action, Bruzzese asked the district court to "unseal the record." *Bruzzese 2* DA28; *see also Bruzzese 2* DA29-38, 39-42. By a letter dated May 20, 2020, Bruzzese began requesting a hearing "to seek a remedy to [his] improper reassignment[.]" *Bruzzese 2* DA43-45; *see also Bruzzese 2* DA60-62, 65-69, 75-78, 79-82, 84-88.

In a memorandum and order filed on May 17, 2021 (*Bruzzese 2* DA18 (#103), 89-93), the district court noted that, since this Court's 2018 affirmance of the judgment in Bruzzese's 2013 action, Bruzzese had filed "myriad motions contesting his reassignment." *Bruzzese 2* DA91. The court warned him against "continuing to

file frivolous letters and motions" and denied what it construed as a "motion for reconsideration." *Bruzzese 2* DA93. In another memorandum and order filed on May 17, 2021 (*Bruzzese 2* DA18 (#104), 94-99), the district court addressed Bruzzese's "motion to unseal" and, concluding (based on its review of Bruzzese's briefing) that the motion should be construed as a motion for relief pursuant to Fed. R. Civ. P. 60(b), ruled that Bruzzese was improperly attempting to relitigate his reassignment and not entitled to such relief. *Bruzzese 2* DA97-99. The court also denied Bruzzese's motion for a hearing. *Bruzzese 2* DA19 (docket entry dated May 17, 2021).

## I.     Bruzzese's Second Appeal to This Court

Bruzzese's second appeal was from the district court's May 2021 orders, including the order denying him relief under Rule 60(b). *See Bruzzese 2* DA19 (#108), 103. In the brief filed by defendant AG in *Bruzzese 2* (21-1448 Dkt., #41), the AG argued that "[t]here are at least two independent reasons why Bruzzese's allegations of due process violations in his reassignment" do not warrant the granting of any relief to Bruzzese: 1) "Bruzzese had the right to, but did not, file a timely grievance regarding his reassignment" and; 2) such "allegations were raised, unsuccessfully, in *Bruzzese 1*, and there is no ground upon which Bruzzese can have them considered again." *See Bruzzese 2* Def. Br. 15-19.

In its May 2022 decision, this Court affirmed both May 2021 orders. This Court reasoned, in holding that Bruzzese was not entitled to relief under Rule 60(b), that Bruzzese "could have requested leave to amend his complaint and have alleged a due process claim before judgment was first entered[,]" and "[t]o the extent any relevant evidence can be deemed newly discovered insofar as Bruzzese learned of it post-judgment, Bruzzese points to none that materially affects the viability of his due process arguments based on his 2009 reassignment." 2022 WL 1669191, at *2. This Court also observed that "Bruzzese provides no basis upon which to conclude that he was unable to pursue his due process claim until after his Rehabilitation Act claim was dismissed." *Id.* n.1.

Bruzzese sought rehearing of this Court's May 2022 decision and, after rehearing was denied, filed a petition for a writ of certiorari in the Supreme Court, which was denied on December 5, 2022. *See* 21-1448 Dkt., ## 65, 69, 71, 72.

## J.    The Action Underlying This (Bruzzese's Third) Appeal

In the same month (December 2022) that the Supreme Court denied his petition for a writ of certiorari, Bruzzese filed this action. *See* SA1 (#1), SA3-36. With his complaint, Bruzzese filed an Affirmation (SA9-18) and a Memorandum of Law in Support of Affirmation Seeking Motion to Compel Under Title 28 USC

14

1361[5] (SA21-36). Bruzzese alleged that "[t]he Motion to Compel being sought in this Complaint arises from Title 28 USC 1361." SA5.

In its 2023 decision, the district court concluded that "[m]andamus relief is not available, and this action is dismissed as barred by the doctrines of res judicata and collateral estoppel." SA40. The district court referenced the decisions issued in Bruzzese's previous case and appeals, *see* SA38, as well as the elements of the doctrines of res judicata and collateral estoppel, succinctly observing that

> [Bruzzese] has had a full and fair opportunity to litigate the discrimination claim at the heart of his mandamus petition. A judge in this judicial district determined, after years of litigation, that the defendant did not discriminate against the plaintiff on the basis of a disability, and there is no other basis for this Court to conclude that he has a clear right to be reinstated as a Special Agent.[6] Therefore, the plaintiff is precluded from relitigating these issues.

---

[5]    Titled "Action to compel an officer of the United States to perform his duty," 28 U.S.C. § 1361 states as follows: "The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." *See also* n.6 *infra.*

[6]    This Court has required a plaintiff seeking relief under the Mandamus Act, 28 U.S.C. § 1361, to establish that: (i) the plaintiff has a "clear right" to the relief sought; (ii) the defendant has a plainly defined and "peremptory duty" to perform the act in question; and (iii) there is "no other adequate remedy." *Anderson v. Bowen*, 881 F.2d 1, 5 (2d Cir. 1989); *accord Benzman v. Whitman*, 523 F.3d 119, 132-33 (2d Cir. 2008); *see also Heckler v. Ringer*, 466 U.S. 602, 616 (1984) ("The common-law writ of mandamus, as codified in 28 U.S.C. § 1361, is intended to provide a remedy for a plaintiff only if he has exhausted all other avenues of relief and only if the defendant owes him a clear nondiscretionary duty.").

After entry of the decision on February 15, 2023, Bruzzese timely filed this appeal.  SA2 (## 6-7), 42.

## SUMMARY OF THE ARGUMENT

The district court properly dismissed this action on the grounds that Bruzzese is precluded from relitigating his 2009 reassignment.  The court correctly rejected Bruzzese's invocation of the Mandamus Act, 28 U.S.C. § 1361, as a premise for reiterating allegations of due process violations that not only are baseless but already have been unsuccessfully raised by Bruzzese in his prior case and appeals.

## ARGUMENT

## THE DISMISSAL OF THIS ACTION SHOULD BE AFFIRMED

This Court reviews de novo a district court's dismissal of an action as barred by res judicata or collateral estoppel.  *See*, *e.g.*, *Simmons v. Trans Express Inc.*, 16 F.4th 357, 360 (2d Cir. 2021) (reviewing de novo the district court's application of res judicata, also known as claim preclusion); *Phoenix Light SF Ltd. v. Bank of New York Mellon*, 66 F.4th 35, 369 (2d Cir. 2023) (applying de novo review standard to the district court's ruling on collateral estoppel, also known as issue preclusion); *Overview Books, LLC v. United States*, 438 F. App'x 31, 32 (2d Cir. 2011) ("[w]e . . . review de novo a district court's application of res judicata and collateral estoppel principles.").

**A.**     **The Doctrines of Res Judicata and Collateral Estoppel**

"Under the doctrine of res judicata, or claim preclusion, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Simmons*, 16 F.4th at 360 (internal quotation marks, citation and alterations omitted); *Cho v. Blackberry Limited*, 991 F.3d 155, 168 (2d Cir. 2021) (same); *see also* SA39 (citing cases including *Soules v. Connecticut, Dept. of Emergency Servs. & Pub. Prot.,* 882 F.3d 52, 55 (2d Cir. 2018)). "Res judicata . . . makes a final, valid judgment conclusive on the parties, and those in privity with them, as to all matters, fact and law, [that] were or should have been adjudicated in the proceeding." *Waldman v. Village of Kiryas Joel*, 207 F.3d 105, 108 (2d Cir. 2000) (citation omitted).

Under the doctrine of collateral estoppel, or issue preclusion, parties or their privies are precluded from "relitigating in a subsequent action an issue of fact or law that was fully and fairly litigated in a prior proceeding." *Phoenix Light SF Ltd.*, 66 F.4th at 371; *see also* SA39-40 (citing cases including *Grieve v. Tamarin*, 269 F.3d 149, 153 (2d Cir. 2001)).

**B.**     **The District Court Properly Held That Bruzzese Is Barred From Relitigating the 2009 Reassignment**

The district court properly held, upon consideration of the decisions issued in Bruzzese's previous case and appeals, and the doctrines of res judicata and collateral estoppel, that Bruzzese is precluded from relitigating his 2009 reassignment. Indeed,

Bruzzese's brief in this appeal, rife with assertions and arguments already rejected in *Bruzzese 1* and *Bruzzese 2*, make plain that is what he is attempting to do. *See generally* Brief of Appellant Adam Bruzzese (Document 23, "*Bruzzese 3* Pl. Br.").

Contrary to Bruzzese's contentions, *see Bruzzese 3* Pl. Br. 3, 7-8, res judicata applies because his previous action — also challenging the 2009 reassignment — was decided on the merits when the district court, in a decision affirmed by this Court, granted summary judgment to defendant AG on Bruzzese's Rehabilitation Act claim. *Cf. Jolly v. Excelsior College*, No. 21-2930, 2023 WL 545086, at *1 (2d Cir. Jan. 27, 2023) ("[a] dismissal for failure to state a claim is a final judgment on the merits and thus has res judicata effects.") (citation omitted).

Furthermore, both the district court and this Court already have held, in their 2021 and 2022 decisions, that Bruzzese could have pursued his due process claim *before* judgment was entered on the merits of his Rehabilitation Act claim. Thus, the issue of whether Bruzzese is precluded from challenging his 2009 reassignment on due process grounds already has been decided against him, and the district court thus correctly held in its 2023 decision that collateral estoppel bars him from pursuing the due process claim in this action.

In any event, the dismissal of this action was warranted — and can be upheld — on res judicata grounds alone. *See, e.g., Exxon Mobil Corp. v. Healey*, 28 F.4th 383, 399 (2d Cir. 2022) (explaining that claim preclusion (*i.e.,* res judicata) may

apply even when a claim has not been actually litigated in a prior proceeding, and

that a party "cannot skirt res judicata merely by seeking an alternative remedy, as

the statement of a different form of liability is not a different cause of action.")[7]

(internal quotation marks and citations omitted); *Cho*, 991 F.3d at 168 ("[e]ven

claims based upon different legal theories are barred [by res judicata] provided they

arise from the same transaction or occurrence") (citation omitted); *Brodsky v. New*

*York City Campaign Finance Board*, No. 22-1824, 2023 WL 312125, at *2 (2d Cir.

May 1, 2023) ("[t]he relevant inquiry is whether the incidents are part of the same

transaction or a connected series of transactions, applying a flexible, common-sense

construction that recognizes the reality of the situation") (internal quotation marks

and citation omitted).

Indeed, this Court has observed that "[t]he general rule of claim preclusion is

foundational to our legal system because without it an end could never be put to

litigation." *Simmons*, 16 F.4th at 364 (internal quotation marks and citation omitted);

*accord Grieve*, 269 F.3d at 154 ("principles of preclusion involve more than the

rights and interests of the parties[;] they also serve important interests of the public

and the courts in avoiding repetitive litigation . . . .").

---

[7]     Here, Bruzzese even acknowledges that his "motion to compel" is "not a new
cause of action against the government." *Bruzzese 3* Pl. Br. 2; *see also* SA42.

## CONCLUSION

This Court should affirm the district court's decision.

Dated:   Brooklyn, New York
         July 7, 2023

                                        Respectfully submitted,

                                        BREON PEACE
                                        United States Attorney
                                        Eastern District of New York

VARUNI NELSON
DAVID A. COOPER
Assistant United States Attorneys
    (Of Counsel).

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

BRUZZESE v. DETTELBACH                    Docket No. 23-239

### Declaration Regarding Submission of Paper Copies and Service

I, _____, hereby declare that, on July 7, 2023, the

BRIEF FOR THE DEFENDANT-APPELLEE and the SUPPLEMENTAL

APPENDIX FOR THE DEFENDANT-APPELLEE, which were electronically filed

via CM/ECF, also were:

(1)    submitted by hand delivery (6 copies of each) to the Court of Appeals

for the Second Circuit; and

(2)    served by first-class mail (2 copies of the brief and 1 copy of the

supplemental appendix) on:

> Adam Bruzzese
> Plaintiff-Appellant *Pro Se*
> 48 Weiden Street
> Farmingdale, New York   11735

In accordance with 28 U.S.C. § 1746, I declare under penalty of perjury that

the foregoing is true and correct.

Dated:    New York, New York
          July 7, 2023

_____
Record Press